# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30765
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2017

Lyle W. Cayce
Clerk

RONALD JACOBS,

Plaintiff-Appellant

v.

WADE RIGDON, in his individual and official capacity; CASEY MCVEA, in his individual and official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6294

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ronald Jacobs, Louisiana prisoner # 329130, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous, for failure to state a claim, and for seeking relief against immune defendants. We review that dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30765

Our de novo review reveals that the district court did not err in dismissing Jacobs's excessive force claim. *See Geiger*, 404 F.3d at 373. The record reflects that Lieutenant Wade Rigdon's use of force was in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("[T]he core judicial inquiry [in an excessive-force claim] is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). The fact that force was required resulted from Jacobs's attempt to free himself from Lt. Rigdon's hold. Lt. Rigdon used no more force than was reasonably necessary under the circumstances. *See Hudson*, 503 U.S. at 7.

Jacobs has not briefed the following claims that he raised in the district court: (1) He was entitled to monetary damages against Lt. Rigdon and Dr. McVea in their official capacities; (2) Lt. Rigdon violated Jacobs's constitutional rights by being involved in the decision to have him placed on extreme suicide watch in the four-point restraints and to have him kept in such restraints for 50 hours; (3) Dr. McVea violated Jacobs's constitutional rights by approving the use of the four-point restraints and by maintaining their use for 50 hours; (4) Dr. McVea violated prison policies by placing Jacobs on extreme suicide watch in four-point restraints; and (5) Lt. Rigdon's and Dr. McVea's actions violated Louisiana state law. When an appellant fails to identify any error in the district court's analysis of an issue, it is the same as not appealing that issue at all. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). These claims are therefore deemed abandoned. *See id.*

For the first time on appeal, Jacobs argues that the defendants were deliberately indifferent to his serious medical needs by denying him medical treatment for the injuries he incurred from Lt. Rigdon's alleged use of excessive

force.  As Jacobs did not raise this claim in the district court, we do not consider it on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  Jacobs has not shown that the district court erred in dismissing his § 1983 complaint.  *See Geiger*, 404 F.3d at 373.  The judgment of the district court is therefore affirmed.

We advise Jacobs that the dismissal of his complaint by the district court counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  And, we caution him that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.