# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30293
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2024

Lyle W. Cayce
Clerk

Anastasia Sinegal; Lewis Dervis,

>                                                *Plaintiffs—Appellants*,

*versus*

P N K Lake Charles, L.L.C., *doing business as* L'Auberge Casino Resort Lake Charles,

>                                                *Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-1157

_____

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

In 2018, Anestasia Sinegal and her husband sued PNK Lake Charles, LLC ("PNK") after she allegedly tripped and fell at PNK's casino. After years of delay, trial was set for March 18, 2024.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30293

In response to plaintiffs' failure to timely file a pretrial statement, PNK moved either to dismiss the case or to exclude any evidence not disclosed. The district court denied PNK's motion to dismiss. At the same time, however, the court ruled that plaintiffs were barred from introducing expert testimony on medical causation and that, as a result, they would be precluded from recovering for those injuries. The court allowed plaintiffs 21 additional days to identify evidence related to non-medical injuries.

Plaintiffs then filed a motion for reconsideration that included pictures of defense counsel's home. The pictures were evidently meant to show that the home had not in fact been destroyed in a fire—an event that had served as the basis for an earlier continuance. The court found the pictures, along with the rest of the filing, took a "threatening tone." The court added that plaintiffs had previously "made numerous personal attacks against the court, opposing counsel, former counsel, and other members of the bar."

Based on this behavior, the court invoked its "inherent authority" to sanction plaintiffs "for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." In the court's view, the only "appropriate" sanction was to dismiss plaintiffs' case with prejudice.

Plaintiffs appealed that decision to our court. On appeal, they raise a number of arguments concerning the district court's evidentiary rulings and trial management. But nowhere does their brief challenge the basis for the court's dismissal—namely, its inherent power to sanction litigants for misconduct. They have therefore abandoned any argument that the district court erred in that regard. *See Jacobs v. Rigdon*, 703 F. App'x 348, 349 (5th Cir. 2017) (citing *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)) ("When an appellant fails to identify any error in

2

No. 24-30293

the district court's analysis of an issue, it is the same as not appealing that issue at all.").

Accordingly, the district court's judgment is AFFIRMED.